IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN RANDOLPH BLACK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0225 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

REPORT AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS

On July 24, 2003, Petitioner JOHN RANDOLPH BLACK, through counsel, filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the January 29, 2002 revocation of his parole. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that Black's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

Respondent DOUGLAS DRETKE has lawful and valid custody of Black pursuant to a judgment and sentence out of the 42nd Judicial District Court of Taylor County, Texas, in Cause No. 15,430-A, for the felony offense of indecency with a child. Black did not appeal. (Federal Pet. at 3.)

On May 28, 1992, Black was released on mandatory supervision. (Parole R. at 14-15.) A

condition of Black's release was that he have no contact with children younger than 17. (*Id.* at 17, 19.) The Board of Pardons and Paroles (BPP) held a revocation hearing on January 17, 2002, based upon allegations Black had violated this condition of his release. (*Id.* at 4-8.) On January 29, 2002, the BPP voted to revoke Black's parole. (*Id.* at 2.) The record is in dispute regarding when Black filed his motion to reopen the revocation hearing. A motion to reopen the hearing was due 45 days after the revocation decision[1], or by March 15, 2002. It appears Black was granted an extension until April 18, 2002 to file the motion. (*Id.* at 24-24(b).) Although one motion to reopen was postmarked April 30, 2002, it also appears Black initially filed the motion to reopen on April 11, 2002. (*Id.* at 24-30.)[2] The BPP denied the motion to reopen on September 9, 2002. (*Id.* at 26-28.)

On March 31, 2003, Black filed a state application for habeas corpus relief, challenging the constitutionality of the revocation, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court. *Ex parte Black*, No. 55,796-01 (Tex. Crim. App. June 18, 2003) (not designated for publication).

II.
GROUNDS

Black argues the revocation of his release to mandatory supervision is unconstitutional because the ground on which he was violated was unconstitutionally vague. He further asserts that because he substantially abided by the parole release conditions imposed on him, the revocation violated *Morrissey*[3] and was fundamentally unfair.

---

[1] 37 Tex. Admin. Code § 145.54 (2002) (Tex. Bd. of Pardons & Paroles, Revocation of Parole or Mandatory Supervision). *See generally Coleman v. Cockrell*, No. 4:01-CV-755-A, 2002 WL 663559, at *3 (N.D. Tex. Apr. 19, 2002) (citing provisions dealing with motions to reopen).

[2] Parole Board records show a motion to reopen as received on April 16, 2002.

[3] *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

III.
STATUTE OF LIMITATIONS

Respondent asserts the petition for writ of habeas corpus is barred by the statute of limitations. Federal habeas corpus petitions are subject to a one-year statute of limitations:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The first question is when limitations began in this case.

Because Black does not challenge his underlying conviction and because he does not allege

a State-created impediment prevented him from timely filing his federal petition, the limitations period for any attack on his mandatory-supervision revocation began on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1)(D). Dretke asserts that limitations began on the date of revocation, i.e., January 29, 2002. (Resp't Answer at 4.) Black counters that because he timely filed a motion to reopen the revocation hearing, the limitations period did not begin until that motion was denied on September 9, 2002. (Pet'r Reply at 1-2.) But Black's motion to reopen, even assuming it was timely filed, was neither a direct appeal of a state court judgment nor was it a collateral attack of a state court judgment. Instead, it was a discretionary post-revocation motion. *Selvage v. Johnson*, No. 2:00-CV-114, 2001 WL 194748, *2 (N.D. Tex. Feb. 23, 2001). Further, the start date specified in § 2244(d)(1)(D) is not dependent on when the factual predicate became "final." The operative fact is when the factual predicate could have been or should have been discovered. Black discovered the factual predicate of his claims the date he was revoked—January 29, 2002. *Id.*; *cf. Robison v. Johnson*, 151 F.3d 256, 263 (5th Cir. 1998) (holding petitioner's failure to discover best evidence of constitutional violation does not excuse procedural default because factual basis for claim available to petitioner when state habeas application filed), *cert. denied*, 526 U.S. 1100 (1999).

Absent application of any tolling provision, Black's federal petition was due on or before January 29, 2003. If, however, a state prisoner files a timely state post-conviction application for habeas corpus review, the time taken to pursue that remedy is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2); *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998) (per curiam). Black's state habeas application, however, does not statutorily delay the start of limitations because it was not filed until March 31, 2003, after limitations had expired. *Scott v. Johnson*, 227 F.3d 260,

263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001).

Consequently, unless Black is entitled to statutory or equitable tolling for the time his motion to reopen was pending before the BBP, he is time-barred. Neither party has cited any published authority directly on point regarding the question of when the AEDPA limitations period begins to run as to petitions challenging a parole revocation when a motion to reopen is filed and ultimately denied.

There is merit to respondent's argument that the limitations period began on the date the parole revocation decision is made known, since a parole revocation is not a court proceeding. Since it is not a state court decision, no "judgment" issues, rendering inapplicable § 2244(d)(1)(A). If, in fact, § (d)(1)(A) is not applicable, and petitioner does not seriously contend otherwise, then § 2244(d)(1)(D) would be applicable to parole revocation proceedings. The question then becomes whether petitioner is entitled to tolling, either equitable or statutory, for the period of time the motion to reopen was pending before the Board of Pardons and Paroles.

Respondent contends no tolling should apply. First, respondent argues the motion to reopen was not timely filed. Respondent contends the motion was due by March 15, 2002, but was not postmarked until April 30, 2002. Respondent contends an untimely motion to reopen would not toll limitations. Respondent further argues petitioner has not shown and that there is no proof in the record that an extension of time was ever granted.

Respondent then argues that even if Black's counsel was granted an extension until April 18, 2002, the motion to reopen was not received by the BPP until May 1, 2002. Respondent contends the BPP records do not contain any record of an earlier motion to reopen having been submitted on or about April 11, 2002. Lastly, respondent argues the motion to reopen does not seek to offer new

evidence unavailable at the time of the revocation hearing, which respondent contends is the only ground upon which a motion to reopen can be granted.

Petitioner responds to respondent's limitations defense contending that at the very least, the period of time the motion to reopen was pending before the BPP (April 11, 2002 to September 9, 2002), should be tolled resulting in the federal petition, filed July 24, 2003,[4] being timely. Petitioner argues the records of the BPP reflect the motion to reopen was received April 12, 2002, and that the BPP considered the motion on the merits and did not deny it for being untimely.

Respondent's motion to dismiss as time-barred should be denied. First, the parole board records submitted by respondent contain a copy of a fax cover page dated March 11, 2002, from petitioner's counsel's office to BPP confirming the deadline for filing as appeal had been extended to April 18, 2006.

Also contained in the BPP records is (1) the first page of a motion to reopen revocation hearing (no date showing), (2) two September 20, 2002 letters from BPP acknowledging receipt of a motion to reopen and advising petitioner and his counsel the motion to reopen postmarked April 30, 2006, had been denied, (3) a BPP form dated September 9, 2002 concurring with a recommendation to deny the motion to reopen, (4) a copy of an April 11, 2002 cover letter from petitioner's counsel reflecting a motion to reopen was enclosed and showing receipt by BPP on April 16, 2002, and (5) a U.S. Postal Service letter advising a express mail item mailed April 11, 2002, was delivered April 12, 2002 to Austin, Texas.

While the BPP records submitted by respondent could be more complete, at a minimum the records document the existence of (1) a cover letter for a motion to reopen dated April 11, 2002,was

---

[4]Petitioner recites July 31, 2003, as the filing date.

received April 16, 2002, (2) a letter confirming an extension of time to file a motion to reopen until April 18, 2002, and (3) a motion to reopen was filed. The records do not disclose what happened to the first (April 11, 2002) motion to reopen.

The undersigned finds the petitioner has made a sufficient showing that his counsel received an extension of time until April 18, 2002, to file the motion to reopen, that a motion to reopen was submitted prior to April 18, 2002, that a second motion to reopen was submitted on or about April 30, 2002, and that the motion to reopen was considered by the BPP and denied in September 2002. Further, the motion to reopen was not denied based upon it being out of time, but instead, was denied on the merits. Consequently, the period from April 11, 2002 until September 20, 2002 should be tolled and not count toward the one year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(D). The undersigned finds the federal petition for writ of habeas corpus, filed July 24, 2003, is timely, and is not barred by limitations.

## IV.
## STATE COURT DECISION

Petitioner Black was convicted by a jury of the felony offense of indecency with a child. The same jury sentenced petitioner to a 17-year sentence of imprisonment and a $10,000.00 fine. Both the guilty verdict and the sentence were assessed February 11, 1987. Approximately five (5) years later, in 1992, petitioner was released to mandatory supervision. He served 9 years on mandatory supervision when his release was revoked based upon a determination by the Board of Pardons and Paroles that he violated a condition of his release, to wit: that he not have contact with juveniles under 17 years of age. The evidence presented at the Parole Revocation Hearing was that during December of 2001, Black had contact with juveniles under 17 years of age while attending church.

Specifically, the Board of Pardons and Paroles found Black made contact with one juvenile in particular, Quaid Ledingham, and with other teenagers after church services had concluded. According to testimony at the revocation hearing, the prohibited contact involved Black engaging in conversations with this particular juvenile and others.  The juvenile, Quaid Ledingham, testified at the revocation hearing as did an adult member of the church who had observed Black engaging in conversations with teenagers.  Quaid Ledingham testified petitioner Black had never inappropriately touched him, but recounted that Black had given him a particular tee shirt as a present, had asked to borrow his (the juvenile's) high school yearbook, and had shown rodeo pictures to Ledingham and to another juvenile who was interested in rodeo.

Petitioner contends the revocation of his mandatory supervision release was unconstitutional because:

1) the condition he was found to have violated was unconstitutionally vague;

2) his revocation violated *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), because Black had substantially abided by his parole conditions; and

3) the revocation of his parole was fundamentally unfair since Black had substantially abided by the "conditions."

Respondent contends the revocation was not unconstitutional and argues:

1) the condition that Black have no contact with juveniles under the age of 17 years is subject to a commonsense interpretation and is not unconstitutionally vague;

2) all of the due process requirements of *Morrissey v. Brewer* were met and the fact that petitioner Black complied with other conditions of his mandatory release for nine

      years did not prohibit the revocation of his release based upon the violation of this particular condition; and

3)     the violation of the condition that Black have no contact with juveniles under the age of 17 years was not a *de minimis* violation nor did Black substantially comply with such condition.

The state habeas court denied relief without written opinion based upon the findings of the trial court. The state trial court made extensive findings including the following:

1)     That Black did have contact with juveniles under the age of 17, and such contact constituted a violation of one of petitioner's conditions of parole;

2)     That the violation of one condition of parole was sufficient to revoke petitioner Black's parole;

3)     That Black was afforded all due process to which he was entitled under *Morrissey v. Brewer, supra*; and

4)     That the parole condition that petitioner have no contact with juveniles was not unconstitutionally vague.

The Texas Court of Criminal Appeals denied relief without written order based upon the findings of the trial court. Regardless of whether this Court agrees or disagrees with the revocation decision made by the BPP based upon the evidence outlined above, Black is not entitled to any relief unless he can show the determination by the state habeas court was unreasonable under the AEDPA.

A state court decision denying habeas relief must be affirmed unless that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(n); *Coleman v. Dretke*,

395 F.2d 216, 221 (5th Cir. 2004). A state court's decision is "contrary to" federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Although petitioner has made a valiant effort to meet the AEDPA standard, he has not done so. Assuming for purposes of argument only, that petitioner has shown the state court decision denying habeas relief is incorrect, that is the most he has shown.[5] An incorrect decision is not unreasonable and since Black has failed to show the state court decision to be unreasonable, as that term is defined by the AEDPA, he is not entitled to relief.

## V.
## MERITS

A parolee does not have to commit a violation of law or commit a criminal offense before his parole may be revoked. Failure to comply with other conditions of parole also constitutes a basis for revocation even if those conditions, standing alone, prohibit conduct not otherwise illegal.

### A.
### Vagueness

Petitioner first argues the condition of parole he was found to have violated was unconstitutionally vague. In determining whether a condition prohibiting "contact" with minors is unconstitutionally vague or whether such a condition is reasonably related to the treatment of the parolee and protection of the public and provides adequate notice of what conduct is prohibited, several factors must be considered, such as whether the condition is reasonable and whether it provides adequate notice of prohibited conduct. Very broad conditions are reasonable if they

---

[5] The undersigned does not find the state court decision to be incorrect.

promote rehabilitation and protect the public. *United States v. Bee*, 162 F.3d 1232, 1236 (9th Cir. 1998). It cannot be seriously disputed that persons convicted of sexual offenses involving minors, and who are later released to parole, should not be permitted to engage in or develop relationships with minors. The Court finds Black's condition of parole prohibiting contact with juveniles was reasonable.

Petitioner further argues, however, that the condition is unconstitutionally vague because it is subject to two (2) definitions, *i.e.*, touching and communication. Probation conditions, however, may afford fair warning even if they are not precise to the point of pedantry. Conditions must be read in a commonsense way. *United States v. Gallo*, 20 F.3d 7, 12 (1st Cir. 1993). Further, the Fifth Circuit in *United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001), found a supervised release condition requiring the defendant to avoid "direct and indirect contact with minors" . . . not to be unconstitutionally vague. After review, the undersigned does not agree with petitioner's contention that the term "contact" is vague because it covers both physical contact, *i.e.*, touching and association or communication. Instead, a commonsense view would be that the term "contact" covers both touching and association/communication. As the Fifth Circuit held in *United States v. Paul*, a condition prohibiting either direct or indirect contact with minors was valid. Parole authorities should not be required to wait until they have evidence of actual touching of a juvenile before they can take action and a condition which will restrict a defendant's ability to develop a relationship with minors is permissible.

Therefore, contrary to petitioner's argument he was required to speculate as to what conduct was prohibited, he was on notice that he should not have contact with juveniles either by association or by touching.

Petitioner does not appear to seriously contest the fact that the described contact with juveniles did occur, but argues such contact was innocuous and that his revocation should be set aside because the contact he was found to have committed did not involve inappropriate sexual comments, improper touching or involve petitioner being alone with children.  Petitioner's argument, however, is flawed because the interpretation petitioner makes about his conduct is only that, his interpretation.  The BPP is free to make their own interpretation, and it was not unreasonable for the BPP to view petitioner's conduct as an attempt to establish a friendship or a relationship with these minors.  Further, petitioner's conduct went beyond small talk.  He not only associated and conversed, but gave presents, borrowed or attempted to borrow school yearbooks, and exhibited photos about rodeo to juveniles who were interested in such.  The BPP had broad discretion in determining whether petitioner's conduct violated his parole conditions.  The BPP was not unreasonable in considering this conduct to have been violative.

It is not the province of the federal court, on habeas corpus review, to secondguess the decision of the Texas Board of Pardons and Paroles, who determined petitioner's parole should be revoked, nor should this Court second guess the Texas state courts, who denied habeas corpus relief.

Therefore, it is the recommendation of the undersigned United States Magistrate Judge that petitioner's claim that the condition of parole he was found to have violated was not unconstitutionally vague.

## VI.
## SUBSTANTIAL COMPLIANCE

Petitioner's other two grounds that his revocation was (1) unfair, or (2) was in violation of *Morrissey v. Brewer, supra,* because he substantially complied or abided by his parole conditions

will be discussed jointly.

As argued by respondent, any issue of substantial compliance is not relevant to the question of whether a parolee did or did not <u>violate</u> his conditions of release. The question of substantial compliance arises only after it has been determined that a condition was violated. Such inquiry may then become relevant on the question of whether the parolee should be committed to custody. *Morrissey v. Brewer, supra*. This second step, akin to a sentencing in a criminal case, is much more discretionary.

Black's primary argument is that he substantially complied with his parole conditions because the violative conduct has not been shown to be anything other than innocuous small talk, and that such is a *de minimus* violation.

This issue has been discussed to some degree at page 12. For the reasons set forth there and hereafter, the Court does not agree with petitioner's argument. While it is always possible another Parole Board panel might have determined Black's "contact with juveniles" relatively innocent and without malice or ulterior motive, Black's contact with these juveniles very reasonably could have been determined to be an attempt by petitioner Black to develop a friendship or relationship with these juveniles for an improper purpose. Further, petitioner Black had been convicted of the offense of indecency with a child, and the information in the BPP records reflects in detail the criminal conduct for which Black was convicted. The condition was reasonable and was directly related to the offense for which Black was convicted. The condition is not unconstitutionally vague and merely required petitioner not to have contact with juveniles under the age of 17 years. The contact shown to have occurred could have been avoided by petitioner.

The BPP decision to revoke was not arbitrary, was constitutional, and was within the broad discretion of that agency.

## VII.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner JOHN RANDOLPH BLACK be DENIED as time-barred.

## VIII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Findings, Conclusions, and Recommendation to Black by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of August 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### *NOTICE OF RIGHT TO OBJECT*

Any party may object to these proposed findings, conclusions, and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing. Fed. R. Civ. P. 5(b). The parties are allowed a 3-day service-by-mail extension. *Id.* 6(e). Therefore, any objections must be *filed* **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 6(a), 72(b).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the United States Magistrate Judge and accepted by the District Court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).